# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1060V
Filed: September 6, 2019
UNPUBLISHED

|  |  |
|---|---|
| TERRA RHEA VARNER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Andrew Gordon Melling*, McNair Law Firm, PA, Columbia, SC, for petitioner.
*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

  On August 4, 2017, Terra Rhea Varner ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on September 10, 2016. Petition at 1; Stipulation, filed September 5, 2019, at ¶ 4. Petitioner further alleges that her injury persisted for more than six months. Petition at 2; Stipulation at ¶¶ 4, 6. "Respondent denies that petitioner sustained a Table GBS injury, and denies that petitioner suffered any injury as a result of the influenza vaccine administered on or about September 10, 2016." Stipulation at ¶ 6.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on September 5, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

> **A lump sum of $215,000.00, in the form of a check payable to petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under § 15(a). *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| TERRA RHEA VARNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-1060V (**ECF**) |
| v. ) | Chief Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Terra Rhea Varner ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the influenza vaccine on or about September 10, 2016.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered from Guillain-Barré Syndrome ("GBS"), as a result of the administration of an influenza vaccine she received on or about September 10, 2016, and experienced the residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner sustained a Table GBS injury, and denies that petitioner suffered any injury as a result of the influenza vaccine administered on or about September 10, 2016.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $215,000.00, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case. and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the Special Master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et. Seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccine administered on or about September 10, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about August 4, 2017, in the United States Court of Federal Claims as petition No. 17-1060V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's alleged GBS, any other injury, or her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*/s/ Terra Rhea Varner*
TERRA RHEA VARNER

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Andrew G. Melling*
ANDREW G. MELLING
Burr & Forman LLP
P.O. Box 11390
Columbia, SC 29211
(803) 799-9800

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves by Heather L. Pearlman*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Robert P. Coleman III*
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0274

Dated: September 5, 2019