# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1060V
UNPUBLISHED

| | |
|---|---|
| TERRA RHEA VARNER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 22, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Non-Compensable Billing; Administrative Tasks; Duplicate Billing |

*Andrew Gordon Melling*, McNair Law Firm, P.A., Columbia, S.C., for Petitioner.

*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 4, 2017, Terra Rhea Varner ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on September 10, 2016. (Petition at 1). On September 6, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 46).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs dated September 12, 2019, (ECF No. 51) requesting a total award of $56,347.46 (consisting of $54,879.00 in fees and $1,468.46 in costs). In compliance with General Order #9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 52). Respondent reacted to the motion on September 26, 2019, indicating he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine a reasonable award for attorney's fees and costs. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT in Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$49,350.16**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**Attorney Fees**

Upon review of the billing records received, I find a reduction of the attorney's fees requested appropriate for the following reasons: excessive hourly rates, non-compensable billing, billing for administrative tasks, and duplicate billing by attorneys and paralegals.

A.  Hourly Rates

Petitioner requests compensation for the attorneys who worked on her case at the following rates: Andrew Melling at the rate of $400 per hour for years 2017 – 2018, and $475 per hour for 2019, Celeste T. Jones at the hourly rate of $500 for 2018, and for paralegal Melissa Oken - the hourly rate of $165 for 2017 – 2018, and $175 for 2019. I find the requested rates excessive based on the overall legal experience of the attorneys and paralegals, the quality of work performed, and their lack of experience in the Vaccine Program.  *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[3]  I incorporate by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

i.  Andrew G. Melling, Esq.

Mr. Melling has over 24 years of legal experience in South Carolina.  (ECF No. 51-3).  Although Mr. Melling's requested rate for 2017 and 2018 is within the appropriate experience range for 2017 and 2018, his inexperience in the Vaccine Program warrants a reduction of his requested rates.[4]  *See McCulloch,* 2015 WL 5634323.  In addition, Mr. Melling has previously been awarded the rates of $360 for 2017 and $385 for 2018.  *A.F. v. Sec'y of Health & Human Servs.,* No. 15-0930V, 2019 WL 3948381 (Fed. Cl. Spec. Mstr. June 20, 2019). I find no reason to deviate from the previously awarded rate and reduce Mr. Melling hourly rates to the rates awarded in *A.F.*

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This is Mr. Melling's second case in the Vaccine Program. Currently, Mr. Melling has one other case that is still open in the Vaccine Program.

3

Mr. Melling's requested rate of $475 for 2019 exceeds his yearly experience range in the OSM Attorney's Forum Hourly Rate Schedule.  Not only is the rate outside his experience range, it is above the highest range for the most seasoned attorneys in the Vaccine Program.  In the motion, Mr. Melling's only supporting argument for the rate increase is that "it is far lower than the United States Attorney's Office's matrix of hourly rates for District of Columbia attorneys" (ECF No. 51 at 3). However, that matrix does not control Vaccine Program rate decisions.  *See Rodriguez v. Sec'y of Health & Human Servs.,* 632 F. 3d 1381, 1385-86 (Fed. Cir. 2011).

Based on the rates previously awarded to Mr. Melling in this Program and due to his limited vaccine experience, I award the hourly rate of $400 for work performed in 2019.  This results in a reduction of attorney's fees requested in the amount of **$3,647.00**.[5]

ii.     Celeste T. Jones, Esq.

Ms. Jones's requested hourly rate of $500 exceeds the OSM Attorney's Forum Hourly Rate Schedule for even the most experienced attorneys. Ms. Jones is not the attorney of record and billed less than an hour worth of time.  Just as with Mr. Melling excessively high rate, Ms. Jones lacks the experience in the Vaccine Program to justify an hourly rate of $500 per hour.  Ms. Jones was previously awarded the rate of $407 per hour.  *A.F.,* 2019 WL 3948381, (Fed. Cl. Spec. Mstr. June 20, 2019).  I will reduce Ms. Jones's rate to the previously awarded hourly rate of $407, reducing the request for fees by **$27.90**.[6]

iii.    Melissa Oken, Paralegal

Just as with the attorneys, paralegal Ms. Oken is requesting hourly rates above the rates awarded to experienced paralegals in the Vaccine Program.  Ms. Oken was previously awarded by this Court the rate of $145 per hour for all work performed. *A.F.,* 2019 WL 3948381, (Fed. Cl. Spec. Mstr. June 20, 2019).  I find this rate appropriate and reduce the paralegal's time from the requested $165 and $145 per hour to the rate of $145 per hour. This results in a reduction of attorney's fees requested in the amount of **$1,962.00**.[7]

---

[5] This amount consists of ($400 - $360 = $40 x 48.2 hrs = $1,928.00) + ($400 - $385 = $15 x 29.6 hrs = $444.00) + ($475 - $400 = $75 x 17 hrs = $1,275.00) = $3,647.00.

[6] This amount consists $500 - $407 = $93 x 0.3 hrs = $27.90.

[7] This amount consists of ($165 - $145 = $20 x 9 hrs = $270.00) = ($175 - $145 = $30 x 84.6 hrs = $1,692.00) = $1,962.00.

### B. Non-Compensable Billing

I also find it necessary to reduce Mr. Melling's requested hours for tasks that are not compensable, specifically his time spent gaining admission to the bar of the U.S. Court of Federal Claims. (ECF No. 51-1 at 4. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). I find the time billed by Mr. Melling for his admission to the Court non-compensable. I will reduce the request for fees by **$360.00**.[8]

### C. Excessive and Duplicative Billing

Fees are routinely reduced due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). I and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that time was billed by both an attorney and paralegal to prepare and attend the same call or meetings. Examples of these entries include:

- September 14, 2017 (AGM 1.40 hrs) "Preparation for and conference call with DOJ and Federal Court of Claims regarding case status; email client status of case";

---

[8] This amount consists of one hour at the already reduced rate of $360.00. It is worth noting that Mr. Melling has had a previous motion for attorney's fees reduced for billing his time preparing his admission to the Court. *A.F. v. Sec'y of Health & Human Servs.,* No. 17-0930V, 2019 WL 3948381, (Fed. Cl. Spec. Mstr. May 9, 2019; Filed in Redacted Form June 20, 2019).

5

- September 14, 2017 (MO 0.60 hrs) “Review calendar; discussion with Andrew Melling prior to status conference with Court; attend conference call with Court”;
- January 8, 2018 (AGM 1.50 hrs) “Preparation for and conference call with Client”;
- January 8, 2018 (MO 0.50 hrs) “Review medical records prior to conference call with client” (MO 0.80 hrs0 “Conference call with client and Andrew Melling; Follow up email to client regarding medical records”;
- March 14, 2019 (AGM 3.20 hrs) “Preparation for and telephone call with client regarding settlement offer from Court; research GBS and CIDP to respond to government offer”; and
- March 14, 2019 (MO 2.40 hrs) “Continue review of medical records in preparation for upcoming client meeting regarding counter offer made by government; meeting with Andrew Melling regarding same; conference call with client”;

(ECF No. 51-1 at 8 and 16.)[9]

As these billing entries by both Mr. Melling and Ms. Oken are considered “blocked” I am unable to determine the amount spent on each task. I shall reduce the request for attorney’s fees by **$507.50**, the total amount of the duplicated entries billed by the paralegal, Ms. Oken.

D. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work “should be considered as normal overhead office costs included within the attorney’s fee rates.” *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec’y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). “[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program.” *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Over three hours was billed on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. These entries include:

---

[9] AGM is attorney Andrew G Melling. MO is paralegal Melissa Oken.

- March 1, 2018 (1.40 hrs) "Work on re-organizing medical records as received from therapist to include only updated records";
- March 8, 2018 (0.90 hrs) "Organize exhibits for Bob Coleman; overnight package of exhibits to his attention"; and
- November 1, 2018 (0.30 hrs) "Print out exhibits to settlement demand; forward to Andrew Melling"

I shall reduce the request for attorney's fees by **$493.00**, the total of tasks considered administrative.

### III.    Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,468.46. After reviewing Petitioner's invoices, I find no cause to reduce Petitioner's request and award the full amount of costs sought.

### IV.    Conclusion

Accordingly, I **GRANT IN PART** Petitioner's motion for attorney fees and costs and award the total of **$49,350.06**[10] as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGEMENT** in accordance to this motion.[11]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.